IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SONNY AUSTIN RAMDEO,** : | CIVIL ACTION NO. 1:20-CV-2458 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **STEPHEN SPAULDING,** : | |
| : | |
| Respondent : | |

## **MEMORANDUM**

Petitioner Sonny Austin Ramdeo, an inmate at the Federal Prison Camp in Lewisburg, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the Court to direct the federal Bureau of Prisons (BOP) to apply 365 days of earned time credits to his sentence pursuant to the First Step Act (FSA). Because Ramdeo has failed to exhaust his administrative remedies, we must dismiss his Section 2241 petition.

**I.      Factual Background**

Ramdeo is currently serving a 240-month sentence imposed by the United States District Court for the Southern District of Florida for wire fraud and money laundering. (*See* Doc. 1-1 at 1); United States v. Ramdeo, No. 9:12-cr-80226, Doc. 268 (S.D. Fla. July 10, 2015). His projected release date, assuming application of good-conduct time, is December 26, 2029. (Doc. 1-1 at 1; Doc. 9-1 ¶ 3).

Ramdeo contends that, if the BOP applies the earned time credits he has allegedly earned under the FSA, he would meet the requirement of having served 50 percent of his statutory sentence such that he could be eligible for early release

to home confinement under the CARES Act and the BOP's current COVID-19 protocols. (Doc. 1-1 at 1-2, 6). Respondent counters that Ramdeo has failed to exhaust his administrative remedies and that, even if he had properly exhausted his claims, his argument fails on the merits. We need not reach the merits of Ramdeo's claims because his failure to exhaust mandates dismissal of his Section 2241 petition.

## II.   Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare

circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).

Ramdeo concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits. (See Doc. 1-1 at 4-5; Doc. 10 at 2; see also Doc. 9-1 ¶¶ 5-7 & pp. 3-53). He argues that this procedural default can be excused based on the "statutory-construction" exception to exhaustion and because he "faces irreparable harm from the violation of his constitutional rights[.]" (Doc. 10 at 2). Ramdeo is incorrect.

It may be true that the statutory-construction exception applies to Ramdeo's argument that his allegedly qualifying pre-January 15, 2020 programming should count toward FSA time credit.[1] But Ramdeo's pertinent BOP records, (see Doc. 2 at

---

[1] District courts within this circuit are split on this issue. Section 3632(d)(4)(B)(i) of Title 18 of the United States Code states, "A prisoner may not earn time credits under [paragraph (d)(4)] for an evidence-based recidivism reduction [(EBRR)] program that the prisoner successfully completed prior to *the date of enactment* of this subchapter[.]" (emphasis added). Courts in this district have interpreted Section 3632(d)(4)(B)(i) to mean that inmates cannot earn time credits for EBRR programs and productive activities (PAs) completed before January 15, 2020—the date on which the BOP was required to implement subchapter D or the "System." See, e.g., Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *5 (M.D. Pa. Apr. 29, 2020) (Wilson, J.). The BOP has likewise proposed that time credits can only be earned for EBRR programs and PAs completed on or after January 15, 2020. See FSA Time Credits, 85 Fed. Reg. 75268-01, 75272 (Nov.

3

9-10, 15-17), show completed and in-process programming postdating enactment and implementation of the FSA, which indicates that the instant habeas claim involves more than just statutory construction. Ramdeo's claim is the type of FSA earned-time-credit dispute that first must be presented to BOP officials. We further observe, and Ramdeo acknowledges in a supplemental filing, that the BOP has pivoted from its initial refusal to apply FSA time credits before January 15, 2022. (See Doc. 12 at 1); Rehfuss v. Spaulding, No. 1:21-cv-00677, 2021 WL 2660869, at *2, 4 (M.D. Pa. June 29, 2021).

Ramdeo also claims that exhaustion should be excused because he faces "irreparable harm" if we do not grant the relief he seeks. We disagree. Ramdeo's projected release date is more than eight years away. Should Ramdeo decide to press his FSA claim with the BOP and receive the time credits he believes he is owed, he can then renew his request to the BOP for early home confinement under the CARES Act. That home-confinement decision, however, remains solely within the jurisdiction of the Attorney General and the Director of the BOP. See Jackson v. White, No. 3:20-cv-0919, 2020 WL 3036075, at *9 (M.D. Pa. June 5, 2020) (collecting cases).

---

25, 2020) (to be codified at 28 C.F.R. pt. 523). The United States District Court for the District of New Jersey, however, has concluded that inmates are eligible to earn time credits for EBRRs and PAs completed on or after December 21, 2018—the date of legislative "enactment" of subchapter D. See Hare v. Ortiz, No. 20-cv-14093, 2021 WL 391280, at *7 (D.N.J. Feb. 4, 2021). We need not reach this issue because Ramdeo's Section 2241 claims involve more than just this statutory interpretation dispute.

4

In sum, Ramdeo has failed to identify any applicable exception to the exhaustion doctrine. Because Ramdeo did not exhaust his administrative remedies and no exception applies, Ramdeo's Section 2241 petition must be dismissed. See Moscato, 98 F.3d at 762.

### III. Conclusion

For the foregoing reasons, we will dismiss Ramdeo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   December 22, 2021

---

[2] We will also dismiss Ramdeo's pending motion for discovery, (Doc. 11), as that request is moot in light of today's decision.

5